BENJAMIN McILVAINE'S Adm'r., p. b. defendant in error *vs.* ALBERT HOLLAND and THOMAS W. RECORDS, Ex-Sheriff.

In replevin, the plea of "property in the defendant," puts in issue the plaintiff's right to the thing; and puts him on the proof of his case.

The traverse in the replication, through the *absque hoc*, presents an issue on the plaintiff's claim of property, and imposes the *onus* on him.

The judgment upon a discontinuance in replevin is only for costs, and not for a return of the property. The defendant's further remedy is on the replevin bond.

WRIT OF ERROR to the Superior Court in and for Sussex county.

Heard at the June term, 1849, before Johns, Chancellor, and Judges Harrington and Wootten.

This was an action of replevin for a vessel, the schooner Samuel R. Paynter. [Ante. 10.] The defendant, Albert Holland, claimed property in the schooner, under a judgment, at his suit, against William Holland, and execution sued out and levied on the schooner as William Holland's property. The pleas were in brief "property in William Holland, and property in defendant," which was sustained only to the extent of title in W. H., to *one-half* the schooner; and the plaintiff had a verdict under the charge that this did not sustain the plea.

The case was argued here mainly upon this point.

*Mr. Houston.*—The pleas being in short—mere memorandums or suggestions of defence—they are to be construed favorably to the pleader, as the plaintiff did not require them to be drawn out.

The plea of property is "actio non, because he saith that the property of the said goods was in William Holland." (2 *Chitty Ple.*, 558, 418, *marg.*) What is the issue on that plea? The averment of property in William Holland was mere inducement—the traverse is on the *absque hoc*, that the property is in McIlvaine. The narr necessarily alledges property in the plaintiff, and he must prove it, or he fails; this is the matter traversed by the plea of property. Otherwise, property in a stranger could be no defence. Possession is not sufficient to maintain replevin. Plaintiff must have the property. (1 *Salk. Rep.*, 5; 1 *Ch. Plead.*, 158, [119, *top.*;] 1 *Johns. Rep.*, 380; *Gilbert's Replevin*, 132.)

The plaintiff's allegation of property in himself, which is contained in the narr, must contain in his replication a traverse of the defendant's plea by the *absque hoc*; for the mere affirmation of property in the defendant, or in a stranger, which is made by the plea,

though it presents two inconsistent affirmatives, makes no issue. (1 *Chitty Plead.*, 593-4, [430;] 7 *Bac. Ab. Pleas and Pl.*, 572-3-4.) The allegation of property in the defendant is but *inducement* to the traverse, which denies the plaintiff's property; and, the issue being on that traverse, the plaintiff is bound to prove *his* property. (12 *Wend. Rep.*, 30, 37; 3 *Ib.*, 672; 1 *Hill's Rep.*, 353; *Cro. Car.*, 104.) One part owner of a chattel cannot maintain replevin for his share. On this issue, therefore, the evidence of property in William Holland, in one-half the vessel, directly disproves the issue, which was really on an allegation of entire property in the plaintiff. (1 *Harr. Rep.*, 76; 1 *Ch. Plead.*, 158; 9 *Mass. Rep.*, 426; 1 *Ch. Plead.*, 163.)

*Mr. Cullen* replied.—The issues were on a plea of property in William Holland, and property in defendants, the administrators of Albert Holland. The jury found that the property was in Benjamin McIlvaine, by rendering a verdict for plaintiff.

The evidence offered under the plea of property was, that William Holland owned one-half the vessel. If admissible it must have been according to the plea, and that plea would be that half the property was in William Holland. What answer would that be to the plaintiff's case? And supposing the plea to be one of entire property, it is an affirmative plea, and defendant would have to prove it, or plaintiff would get the verdict. (2 *Selw. N. P.*, 923, 921; 12 *Wend. Rep.*, 330; 13 *Mass. Rep.*, 199; 6 *Law Lib.*, 19, 52; 1 *Chitty Pl.*, 566.) If the defendant insist he was tenant in common with the plaintiff, he must plead it specially. (1 *Ch. Pl.*, 155-6-7; *Ib.*, 540-1.)

*The Court* stopped *Mr. Bayard.*

*Judgment.*—And now, to wit, &c., this cause coming on to be heard, &c., and the record, bill of exceptions, and causes of error being seen and read by the court, and the same being debated by counsel on both sides; it is the opinion of the court that the court below erred in requiring the defendant in replevin to prove under his plea, that the whole property was in the defendant, when in the action, and according to the pleadings, it was incumbent on the plaintiff to sustain the averments in his narr, that the property in the whole was in the plaintiff in the replevin. And further, this court conceives the defendant in replevin, according to the pleadings, had a right to prove that a moiety of the property belonged

to him; it is, therefore, considered, ordered and adjudged by the court, that the judgment below be and the same is hereby reversed, and that the defendant pay the costs, &c., in three months, &c., and the record be remanded to the court below, that the cause may be there proceeded in.

On the return of the record, with the above judgment to the Superior Court, the plaintiff discontinued his case; and on motion and affidavit that the plaintiff had sold the vessel, a rule was granted to show cause why an order should not be made in the nature of a writ of inquiry, to ascertain the damages of the defendant by a jury at bar, or that the discontinuance be set aside.

In support of the rule, *Bayard*, cited *Clark* vs. *Adair*, 3 *Harr. Rep.*, 113; and 4 *Harr. Rep.*, 300; and said, that on this discontinuance the defendant was entitled to a *return* of the property replevied, or damages for the caption, and an inquisition of the costs; and, if on such inquisition it be proved that the property had been consumed, sold or destroyed, then the value of the property. The effect of a discontinuance by the plaintiff, is a judgment in favor of the defendant (both being actors) for a *return*, for damages for the caption, and costs; and an inquisition to ascertain these.

*Mr. Cullen* said it was a new motion, a novel practice, and without any necessity. The plaintiff had given a sufficient bond, conditioned to prosecute his writ with effect. That is the defendant's remedy. (2 *Mass. Rep.*, 509; 15 *Pick. Rep.*, 71; 12 *Ib.*, 324.)

*Mr. Houston*, in reply, abandoned the rule for an order to strike out the discontinuance, and went for the order in the nature of an inquisition of damages; founded on the judgment which defendant was entitled to, on the discontinuance. What is that judgment? a judgment for costs, and for a return of the property. (3 *Steph. N. P.*, 2522; 6 *Com. Law Rep.*, 36.)

*By the Court:—*

HARRINGTON, *Judge.*—It is a judgment simply for costs. It is true, that in replevin, upon the defendant's plea of property, both parties become, as it were, actors; and the defendant is entitled to a judgment, not merely for costs, but *pro retorno habendo* on the plea of property, "*if it be found for him.*" (*Clark* vs. *Adair*, 3 *Harr. Rep.*, 116.) It is the verdict ascertaining the truth of his plea, that

entitles him to *this* judgment; and so, if the goods be destroyed or sold, so that he cannot have a return, the judgment is that he recover an equivalent in damages, if the plea of property be found for him. The judgment, therefore, for a return depends on a verdict, and the truth of the defendant's plea is not admitted or ascertained by the plaintiff's discontinuance of his action. The form of a judgment on a discontinuance is this: Whereupon, the said D., by his attorney aforesaid, offers himself ready for trial, at the suit of the aforesaid P., in the plea aforesaid; but the said P., although solemnly called comes not, but makes default, nor doth he further prosecute his writ aforesaid, against the aforesaid D., in the plea aforesaid; but voluntarily suffers his action to be discontinued; therefore, it is considered by the court here, that the said D. recover against the said P., the sum of $      , by the court here adjudged unto the said D., for his costs and charges by him about his defence in this behalf laid out and expended, and that he have thereof his execution, &c. (*Harrison's Entries*, 109.)

It is true, that on an appeal from the judgment of a justice of the peace, and cross demand by the defendant, the court has held that the plaintiff cannot take a nonsuit; and there is a remark in the case assimulating this action to it; but the decision there is founded solely on the act of assembly, and it appears to us, on reflection, that there is a strong reason for it, which does not exist in the action of replevin. On appeal by a defendant, he becomes bound with surety to prosecute his suit with effect, and if the plaintiff should afterwards be permitted to discontinue or be nonsuited, it would be impossible for the defendant to prosecute his appeal; the judgment would be affirmed and might be executed, and the defendant thus deprived of his right of appeal. The necessary construction of that act, therefore, requires that the plaintiff in such a case should not be permitted to take a nonsuit.

But in the present case, the plaintiff in replevin has given bond to prosecute his action, and if he discontinues or is nonsuited, his bond is forfeited; and the defendant has full remedy by action thereon. There is no necessity in this, more than in other actions, to refuse to a plaintiff a right which generally belongs to him, of discontinuing his suit; upon which discontinuance the judgment is, under the act of assembly, for the defendant *for costs*, and nothing more.

Hence there being in fact no judgment for a return of the goods,

or for an equivalent in damages on proof of their destruction, this court cannot award an inquisition or make any order in the nature of an inquisition, to ascertain the amount of damages. The defendant's remedy is on the replevin bond.

Rule discharged.

*Cullen,* for plaintiff.
*Houston* and *Bayard,* for defendant.